Considered by TRAMMELL and LITTLETON.

---

GEORGE BERNARD'S, INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5410.     Promulgated October 10, 1927.

Reasonableness of compensation determined.

*Harry J. Myerson, Esq.*, and *Maurice T. Weinshenk, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income and profits taxes for the fiscal year ended February 29, 1920, of $5,577.02; for the fiscal year ended February 28, 1921, $6,326.44; and for the fiscal year ended February 28, 1922, $1,368.70, overassessments of $67.15 and $324.45 having been found for the fiscal years ended February 28, 1918, and 1919, respectively. The sole question presented is the reasonableness of compensation paid to the petitioner's president.

FINDINGS OF FACT.

The petitioner is an Illinois corporation organized in 1917 to engage in retailing ladies' wearing apparel. All of the capital stock was purchased by George B. Friend, who had one qualifying share issued to his wife and one to his brother-in-law. These three constituted the officers, directors and stockholders of the petitioner. George B. Friend was president and treasurer, his wife was vice president and his brother-in-law was secretary.

The petitioner's business is located at 35 South State Street, Chicago. The business is conducted in leased premises 25 by 85 feet, all of which was occupied by the petitioner, who paid as rental therefor during each of the taxable years, the sum of $25,000. The building is apportioned to the various departments in the petitioner's business as follows: on the first floor was a coat department; on the second, suits and furs; on the third, dresses; on the fourth, the economical sales department and a reception room for " call packages "; and on the fifth, the offices, shipping and receiving rooms. The petitioner's employees numbered between 75 and 125, according to the season.

The tax returns of the petitioner for the fiscal years showed salary deductions for the president and sales as follows:

| | Fiscal year ended Feb. 28, 1919 | Fiscal year ended Feb. 29, 1920 | Fiscal year ended Feb. 28, 1921 | Fiscal year ended Feb. 28, 1922 |
|---|---|---|---|---|
| Salaries | $18,000.00 | $25,000.00 | $25,000.00 | $15,000.00 |
| Sales | 647,144.34 | 839,242.04 | 956,948.93 | 743,970.65 |

The salary paid to the president was credited to him monthly and charged on the books against expense. The amounts he actually withdrew in each of the years was $18,200 for the fiscal year ended February 29, 1919; $25,600 for the fiscal year ended February 29, 1920, and $25,319 for each of the fiscal years ended February 28, 1921 and 1922. For the fiscal year ended February 28, 1922, an adjusting journal entry was made charging the president with the difference between his salary of $15,000 and the amount which he withdrew.

During the fiscal years involved, George B. Friend devoted his entire time and attention to the petitioner's business. As buyer and manager his duties required his constant attention to the details of the business from the opening to the closing hours. It was necessary to supervise each department, to see that windows were trimmed, to design merchandise, to reorder stocks of merchandise, to employ help, to conduct sales of various kinds, to engage and prepare the advertising, and to make trips at least once every three weeks to New York for the purpose of purchasing new stocks and supplies.

The salaries which the petitioner paid to its president were determined after consultations between Friend and his wife, the president and vice president, respectively. They considered that the salaries as determined were reasonable in amount and fairly compensated for the services which were performed. The stockholders and the directors did not hold a formal meeting during any of the years in question. Establishments similar in size, volume of business and location to that of the petitioner's paid salaries of $25,000 to $35,000

per annum to employees performing the same duties as those performed by George B. Friend.

The respondent allowed salaries for the fiscal years ended February, 1919, 1920, 1921, and 1922 in the following respective amounts: $18,000, $18,000, $25,000, and $10,000. The differences between the respondent's determination of reasonable salaries and the amounts deducted on petitioner's return were disallowed as unreasonable.

### OPINION.

MORRIS: Insofar as the fiscal years ended February 28, 1918, and 1919 are concerned, the Board is without jurisdiction to hear and determine petitioner's claim for the reason that the respondent has not asserted a deficiency as defined by the statute for either of the years. Cf. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The reasonableness of salaries paid petitioner's president for the three succeeding fiscal years remains for our consideration. This issue raises a question of fact which can only be determined in the light of the evidence of each individual case. The record in the instant proceeding sets out with considerable particularity the duties and services performed for the petitioner by its president. It likewise affords the testimony of competing merchants who stated that the usual compensation for such services as Friend performed ranged between $25,000 and $35,000 per annum. We are of the opinion therefore, that $25,000 for the fiscal year 1920, $25,000 for the fiscal year 1921, and $15,000 for the fiscal year 1922, constitute reasonable salaries for the services performed during the several fiscal years.

Respondent stressed certain unsigned memoranda purporting to be minutes of directors' meetings for the various years in which the amount of salary to be paid the president was stated, and contended at the hearing that these amounts were reasonable and that the minutes evidenced the corporate action of valuing its president's services. Assuming that such memoranda were properly identified, offered and submitted in evidence, we are unable to agree with respondent's contention, as it is our opinion that unsigned memoranda such as the ones here under consideration are entitled to but little probative weight. If the directors' meetings were held, but the amount of the president's salary was by agreement revised prior to the close of the taxable year, and the amount finally decided upon was reasonable compensation for the services actually rendered, such amount is deductible. Cf. *Appeal of H. C. Couch*, 1 B. T. A. 103.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRAMMELL and LITTLETON.